UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS GRAVES, ) | Case No. 1:08CV2950 |
| ) | |
| Petitioner, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| KEITH SMITH, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| ) | |

Petitioner Dennis Graves ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas conviction for two counts of Rape in violation of Ohio Revised Code ("O.R.C.") §§ 2907.02(A)(1)(c), (A)(2). ECF Dkt. #1. On June 18, 2009, Respondent Keith Smith ("Respondent") filed a Return of Writ. ECF Dkt. #9. On July 16, 2009, Petitioner filed a traverse. ECF Dkt. #12.

The case was referred to the undersigned for a Report and Recommendation. ECF Dkt. #5. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice due to a lack of merit:

**I.   SYNOPSIS OF THE FACTS**

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Eighth District Court of Appeals, the facts are:

> {¶ 2} On July 20, 2006, the case proceeded to a jury trial. On July 24, 2006, the jury found Graves guilty of rape by force or threat of force and also of rape while the

>victim was substantially impaired by reason of mental or physical condition. The jury found Graves not guilty of rape by administering a drug or intoxicant.
>
>{¶ 3} On September 1, 2006, the trial court sentenced Graves to nine years of imprisonment for each of the two rape counts, sentences to merge. Also, on September 1, 2006, the trial court conducted a House Bill 180 hearing and adjudicated Graves a sexual predator and a habitual sexual offender.
>
>{¶ 4} The events giving rise to the case sub judice occurred on October 2, 2004, at approximately 2:00 a.m. The victim, M.S., age twenty-eight, a home health aide, entered the home of Antoinette Antwon ("Antwon") and her son, Graves, age sixty, located at 2580 East 66th Street, Cleveland, Ohio, which is part of the Cuyahoga Metropolitan Housing Authority. M.S.'s employer assigned her to care for Antwon on the night of October 1, 2004; she arrived at approximately 7:45 p.m. for her twelve-hour shift beginning at 8:00 p.m. M.S.'s duties included feeding Antwon, taking her to the restroom, administering medications when necessary, some cleaning of the home, and general care giving. M.S. helped Antwon to bed at approximately 9:00 p.m.
>
>{¶ 5} Sometime between 9:00 and 11:00 p.m., Graves' two friends arrived and went with Graves into his bedroom and shut the door. Graves' two friends, separately, entered the living room and conversed with M.S. M.S. communicated to both men that she was not interested in either of them. Thereafter, the three men left for the evening.
>
>{¶ 6} When Graves returned several hours later and without friends, M.S. was doing homework on her laptop, in a wooden chair in the living room. M.S. asked Graves if he had any ibuprofen medication for her to take because she had a tooth pulled and was experiencing pain. He returned and gave her either one or two pills, which she ingested.
>
>{¶ 7} M.S. fell asleep. When she awoke, she noticed her pants were down to her knees and that her thighs, shirt, and the seat cover had a wet substance on them. She stood up, put her pants back on and approached Graves in the bathroom to find out what happened. Graves was naked and cleaning his "lower half" with a washcloth. He indicated that he didn't know what happened but that his friends had been over and were now gone.
>
>{¶ 8} M.S. left and went to a nearby unit around 2:00 a.m., where her best friend, J.G. resided. She banged loudly on the door and J.G. answered. M.S. appeared distraught and entered the apartment. M.S. called her employer to notify them of what transpired and also called for an ambulance and police.
>
>{¶ 9} M.S. was transported to University Hospital where a rape kit was collected. Test results determined that the semen collected from her vagina matched Graves' DNA. M.S. later submitted a report to police and also identified Graves in a photo lineup.

*State v. Graves*, Case No. 88845, 2007 WL 2949525 at ¶¶2-9 (Ohio App. 8 Dist. Oct. 11, 2007), unreported; ECF Dkt. #9, Ex. 7.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On August 24, 2005, the Cuyahoga County, Ohio prosecuting attorney filed an indictment that had been returned by the Grand Jury, charging Petitioner with: (Count One) Rape by purposely compelling the victim to submit by force or threat of force, in violation of O.R.C. § 2907.02(A)(2); (Count Two) Rape by substantially impairing the judgement of the victim by administering a drug or intoxicant surreptitiously or by force or threat or deception for the purpose of preventing resistence, in violation of O.R.C. § 2907.02(A)(1)(a); and (Count Three) Rape, when the ability of the victim to resist or consent was substantially impaired because of a mental or physical condition, in violation of O.R.C. § 2907.02(A)(1)(c) .  ECF Dkt. #9, Ex. 1.

The case proceeded to a jury trial.  ECF Dkt. #9, Ex. #2.  The jury convicted Petitioner of Counts One and Three.  *Id*.  On September 14, 2006, the trial court sentenced Petitioner to 9 years of imprisonment for each count, with the sentences to merge.  *Id*.  The trial court also adjudged Petitioner as a sexual predator and as a habitual sexual offender.  ECF Dkt. #9, Ex. 3.

### B. Direct Appeal

On October 10, 2006, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the Eighth District.  ECF Dkt. #9, Ex. 4.  Petitioner filed a brief in support of his direct appeal, raising the following assignments of error:

> I. The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction.
>
> II. Appellant's conviction is against the manifest weight of the evidence.
>
> III. The trial court erred when it classified Appellant as a sexual predator and a habitual sexual offender.

ECF Dkt. #9, Ex. 5.

On October 22, 2007, the Ohio Court of Appeals for the Eighth District denied the appeal and affirmed the trial court's judgment.  ECF Dkt. #9, Ex. 7.

### C. Supreme Court of Ohio

On December 6, 2007, Petitioner filed a notice and brief in support of jurisdiction in the

Supreme Court of Ohio, raising the following proposition of law:

> Removing the clothing of a sleeping individual does not constitute "force" as defined by the General Assembly in R.C. 2901.01(A)(1). A conviction for forcible rape entered on evidence that the complaining witness was asleep, without more, must be reversed as a violation of the Due Process Clause of the Constitution of the United States of America.

ECF Dkt. #8, Ex. 8,9. On March 28, 2008, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question. ECF Dkt. #9, Ex. 11.

### D.    28 U.S.C. § 2254 Petition

On December 18, 2008, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner has raised the following grounds for relief:

**Ground One:**  It is uncontested that in the case at bar that Ms. Seawright engaged in a single act of voluntary and consensual sexual intercourse with the Defendant. It was the prosecution theory apparently belived [sic] by the jury that as a result of having sex with the Defendant [sic] that as a result of having sex with the Defendant [illegible]

**Ground Two:**  Consent is ordinarily not a defense to a crime where the actus rea [sic] involves a breach of the peace, where as here th [sic] act itself is legal and involves no breach of the peace. Consent is a complete defense which bars criminal responsibility.

**Ground Three:**  A touching constitutes a technical assault unless it is assente [sic] to or otherwise privileged. However, the criminal law addresses concerns not present in civil cases. Thus, the weight of aot [sic] authority is that consent is not usually available as a genera [sic] defense where the offense involves a breach of the peace as well as invasion of the victims [sic] physical security.

**Ground Four:**  Persons who are impaired, even substantially impaired, mentally nevertheless retain the legal capacity to consent to sexual intercourse, for example, mentally retarded individuals frequently marry and raise children. There is no suggestion that their impairment negates their legal capacity to consent.

ECF Dkt. #1. On June 18, 2009, Respondent Keith Smith filed a Return of Writ. ECF Dkt. #9. On July 16, 2009, Petitioner filed a traverse asserting the following assignments of error:

    I.      THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGES WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT APPELLANT WAS INVOLVED IN AND/OR KNOWINGLY COMMITTED THESE CRIMES.

    II.     APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    III.    THE TRIAL COURT ERRED WHEN IT CLASSIFIED APPELLANT AS A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER.

ECF Dkt. #12.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Further, the Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

The AEDPA statute of limitations is not an issue in this case. *See* ECF Dkt. ## 1, 9, 12. Respondent contends, however, that Petitioner's claims are otherwise procedurally barred. ECF Dkt. #9 at 7-10. It is unclear whether Respondent in asserting a failure to exhaust state court remedies or procedural default because Respondent does not clearly assert either defense independently. *See id.* On review of Respondent's return of writ, the undersigned surmises that Respondent is attempting to invoke a procedural defense based upon a failure to exhaust state court remedies. Respondent cites only law pertaining to exhaustion of state remedies, does not clearly seek dismissal with prejudice, and does not analyze procedural default under the *Maupin* standard. Therefore, the undersigned presumes that Respondent seeks only a dismissal without prejudice for

failure to exhaust state court remedies. *See Garfinkle v. Huff*, 110 F.3d 63 (Table), 1997 WL 144212 at *1-*2 (6th Cir. 1997) (reversing district court's dismissal of habeas petition with prejudice for failure to exhaust state court remedies, holding that the dismissal should have been without prejudice.).

### A. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

In *Harris v. Lafler*, this Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

**B.     Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

 (1) whether the petitioner failed to comply with an applicable state procedural rule;

 (2) whether the state courts actually enforced the state procedural sanction;

 (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

 (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.  Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).  The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 26, 2007, well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

 (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

  (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

-8-

proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the

       particular state prisoner's case;' or

    4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672,

676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

### A. Ground One (Petition) and Assignment of Error I (Traverse)

The undersigned first notes that the initial petition states no federal constitutional claims. *See* ECF Dkt #1. In Ground One, Petitioner contends that it is uncontested that the victim consented to sexual intercourse and that it was the prosecution's theory of the case that the jury apparently believed. *Id.* at 5. Ground One, as stated in the petition, does not even arguably allege that the trial court violated any federal constitutional rights.

Furthermore, to the extent that the petition states any type of claim, it provides no factual basis. While the petition contends that it is uncontested that the victim consented to sexual intercourse, that assertion is plainly false. Petitioner was convicted of two counts of Rape, both requiring a showing of a lack of consent, in some respect. Section 2907.02(A)(1)(c) requires a showing that the victim's ability to resist or consent was substantially impaired, and Section 2907.02(A)(2) requires a showing that the offender purposely compelled the victim by force or threat of force. In any of these situations, consent is lacking. But, the petition merely asserts that it is "uncontested" that the victim consented to sexual intercourse. As stated above, Petitioner bears the burden of rebutting the factual findings of the state court, and the facts set forth by the Eighth District Court of Appeals establish a factual basis for concluding that the victim did not consent to sexual intercourse because there was evidence admitted showing that she was unconscious at the time of intercourse:

> {¶ 6} When Graves returned several hours later and without friends, M.S. was doing homework on her laptop, in a wooden chair in the living room. M.S. asked Graves if he had any ibuprofen medication for her to take because she had a tooth pulled and was experiencing pain. He returned and gave her either one or two pills, which she ingested.
>
> {¶ 7} M.S. fell asleep. When she awoke, she noticed her pants were down to her knees and that her thighs, shirt, and the seat cover had a wet substance on them. She stood up, put her pants back on and approached Graves in the bathroom to find out what happened. Graves was naked and cleaning his "lower half" with a washcloth. He

> indicated that he didn't know what happened but that his friends had been over and were now gone.
>
> {¶ 8} M.S. left and went to a nearby unit around 2:00 a.m., where her best friend, J.G. resided. She banged loudly on the door and J.G. answered. M.S. appeared distraught and entered the apartment. M.S. called her employer to notify them of what transpired and also called for an ambulance and police.
>
> {¶ 9} M.S. was transported to University Hospital were a rape kit was collected. Test results determined that the semen collected from her vagina matched Graves' DNA. M.S. later submitted a report to police and also identified Graves in a photo lineup.

*Graves*, 2007 WL 2949525 at ¶¶6-9.  Therefore, the issue of consent cannot be considered "uncontested" as Ground One of the petition claims.

Even assuming the petition provided a factual basis for the claim, it challenges: "It was the prosecution theory apparently believed by the jury that as a result of having sex with the Defendant [sic] that asa a result of having sex with the Defendant [illegible]."  The undersigned can best construe this as a claim that his conviction was against the manifest weight of the evidence – contending that the manifest weight of the evidence did not support a finding of non-consent.

The undersigned recommends that the Court dismiss this ground for relief insofar as it can be interpreted as a manifest weight of the evidence claim because such a claim is not cognizable in federal habeas corpus review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985); *Walker v. Timmerman-Cooper*, No. 1:05CV103, 2006 WL 3242101 (S.D. Ohio Oct. 5, 2006). Manifest weight of the evidence claims are derived from purely state law whereby the state appellate court sits as a "thirteenth juror and disagrees with fact finder's resolution of conflicting testimony" and finds that the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 389, 678 N.E.2d 541, 546-548 (1997)(superseded by state constitutional amendment on other grounds, *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), cert. denied 523 U.S. 1125 (1998)), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).  Accordingly, Ground One of the instant petition is not cognizable and should be

dismissed with prejudice.

> In interpreting Ground One of the petition, Respondent states that:
>
> Graves presents no federal constitutional analysis in this claim. **If this claim is stated differently, however, it is fair to say that it argues that there was no evidence that the victim did not consent to sex,** which negates the unlawful use of force.

ECF Dkt. #9 at 9-10 (emphasis added). The undersigned recognizes that pro se habeas petitions are to be liberally construed with tolerance and forbearance. *See Sellers v. Morris*, 840 F.2d 352, 354 (6th Cir. 1988). However, liberally construing a petition does not provide a basis for engaging in Respondent's speculative analysis and considering "If this claim is stated differently." Above, the undersigned has given every conceivable interpretation to the petition's claim that the prosecution's theory was adopted over the defense's theory. On this interpretation, the undersigned surmised that Ground One, could be liberally construed as a claim that his conviction was against the manifest weight of the evidence. But the undersigned sees no reason to state Ground One differently in order to construct a sufficiency of the evidence claim that simply was not present in the initial petition.

The undersigned acknowledges that Ground One of the initial petition contends that it was uncontested that the victim consented to sexual intercourse. To consider that bald assertion, lacking any factual or evidentiary support, as an insufficiency of the evidence claim would go well beyond liberal interpretation of the petition. The Court's duty to interpret pleadings liberally does not alleviate Petitioner of his burden to establish a factual basis for his claim or to rebut the factual findings of the state courts.

> Respondent goes on to conclude:
>
> **It therefore forms a factual basis for a sufficiency of the evidence claim**, an issue that has been exhausted in the state courts. To be clear, the actual argument for sufficiency of the evidence concerned whether Graves used force under R.C. 2907.02(A)(2). Respondent, however, accepts that lack of consent can show whether or not the victim was forcibly raped under the statute.

ECF Dkt. #9 at 10 (emphasis added). The undersigned can in no way see how the initial petition states a factual basis for a sufficiency of the evidence claim. The petition points to no evidence of record and provides no new evidence; it therefore fails to state any factual basis. Even if the petition

-13-

does claim that the victim provided consent that would negate the requisite statutory elements of force, as Respondent contends, there is no evidentiary support for the claim. Further, the undersigned fails to see how proffering evidence of consent establishes an insufficiency of the evidence claim because the State had already introduced evidence in its case in chief to establish a lack of consent. A sufficiency of the evidence claim looks to whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). Therefore, "[i]n assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *Id.* (internal citation omitted). Accordingly, in this case, the issue would then be a manifest weight of the evidence claim or a state law matter of statutory interpretation. Either claim is not cognizable in habeas review.

Regardless, as Respondent speculated, Petitioner ultimately did state his claim differently, when he clearly articulated it as an insufficiency of the evidence claim in Assignment of Error I in his traverse:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGES WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT APPELLANT WAS INVOLVED IN AND/OR KNOWINGLY COMMITTED THESE CRIMES.

ECF Dkt. #12. Although the Court may decline to address Petitioner's sufficiency of the evidence claim because it was first raised in the traverse,[1] Respondent brought the issue about by engaging in this prospective analysis considering the possibility of an insufficiency of the evidence claim. Respondent has had an opportunity to address the issue in his return of writ. Therefore, the undersigned offers an analysis of the merits of Petitioner's sufficiency of the evidence argument as stated in his traverse.

---

[1] *Tyler v. Mitchell*, 416 F.3d 500, 503 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.")

An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970). "In assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *Id.* (internal citation omitted). In order to establish an insufficiency of the evidence claim, "the relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) *quoting Jackson,* 443 U.S. at 319. "This requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006). The inquiry is not whether the jury made the *correct* determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law. *Scott,* 209 F.3d at 885 *quoting Jackson,* 443 U.S. at 319.

Here, Petitioner first contends that there was no evidence of force or threat of force. ECF Dkt. #12 at 9-10. He reasons that there was no evidence that the victim was bleeding, that she was bruised, or that she was compelled in any way. However, the state appellate court squarely addressed this issue on direct appeal as a matter of statutory interpretation, noting the evidence that was admitted in support of a finding of force:

> Pursuant to R.C. 2901.01, force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." "The force and violence necessary to commit the crime of rape depends on the age, size and strength of the parties and their relation to each other." *State v. Eskridge* (1988), 38 Ohio St.3d 56, paragraph one of the syllabus. We have held that separating the victim's legs and pulling down the victim's clothing while the victim sleeps can only be accomplished through force. *State v. Simpson*, Cuyahoga App. No. 88301, 2007-Ohio-4301; see, also, *State v. Sullivan* (1993), Cuyahoga App. No. 63818, 1993 Ohio App. LEXIS 4859. Here, Graves pulled down M.S.'s pants and separated her legs while she was asleep, thus, using force.

-15-

*Graves*, 2007 WL 2949525 at ¶17. Accordingly, there is no basis for concluding that the state court decision was contrary to or constituted an unreasonable application of clearly established federal law. Therefore, Petitioner's claim lacks merit to the extent that it contends that the State failed to present evidence of force.

Plaintiff next contends that there is nothing to indicate that the victim suffered from a "mental or physical condition" or that she did not have the ability to resist or consent. ECF Dkt. #12 at 10. Petitioner reasons that the State advanced a theory that Petitioner must have slipped something into the victim's drink to incapacitate her, but no evidence was recovered from Petitioner's residence or the victim's medical records to corroborate the theory. *Id.* The undersigned first notes that the State did not have to introduce direct evidence to support its theory of the case. "[C]ircumstantial evidence alone may be enough to support a conviction if that evidence is substantial and competent." *See Woodley v. Bradshaw*, Case No. 1:05 CV 0028, 2008 WL 2048209, at *10 (N.D.Ohio May 12, 2008); *see also Dell v. Straub,* 194 F.Supp.2d 629, 647 (E.D.Mich.,2002) ("A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence."). Here, evidence was introduced to support a finding that the victim was unable to consent because the victim testified that she was asleep during intercourse. *See State v. Younger*, Case No. 86235, 2006 WL 181914 at *4 (Ohio App. 8 Dist. Jan. 26, 2006) unreported (holding that a conviction under O.R.C. § 2907.02(a)(1)(c) was supported by sufficient evidence: "Appellant argues in his second and third assignments of error that the convictions for rape and gross sexual imposition were based on insufficient evidence. We find appellant's argument to be without merit. . . *In the case at bar, there was no evidence suggesting that the victim was intoxicated or under the influence of any type of drug which caused impairment. Instead, the victim was sleeping when she awoke and found appellant performing oral sex on her.*") (emphasis added), *reversed on other grounds by In re Ohio Criminal Sentencing Statutes Cases*, 850 N.E.2d 1168 (Ohio 2006); *see also State v. Jones*, Case No. 22701, 2006 WL 1236840 at *5 (Ohio App. 9 Dist. May 10, 2006), unreported (expanding *Younger* to hold that knowledge of a self-induced incapacitated state is sufficient to support a

conviction for rape).

In the case at bar, the appellate court likewise held that the *Younger* case supported Petitioner's conviction:

> We have held that sleep is a mental or physical condition that substantially impairs a person from resisting or consenting to sexual conduct. *State v. Younger*, Cuyahoga App. No. 86235, 2006-Ohio-296; Sullivan, supra. Here, M.S.'s ability to resist or consent was substantially impaired because she was sleeping. Therefore, in viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could find the essential elements of rape as set forth in R.C. 2907.02(A)(1)(c).

*Graves*, 2007 WL 2949525 at ¶22.

Lastly, Petitioner argues that the victim's testimony is not credible. ECF Dkt. #12 at 10. This argument does not support an insufficiency of the evidence claim, because as discussed above, the Court does not weigh the evidence in considering if the prosecution met its burden at trial.

For the foregoing reasons the undersigned recommends that the Court dismiss Ground One in the petition and Assignment of Error I in the traverse with prejudice.

### B. Ground Two, Three, and Four (Petition)

As with Ground One, Ground Two, Three, and Four of the Petition do not state cognizable federal constitutional claims. None of these claims allege that a violation of Petitioner's constitutional rights occurred during his state court conviction. In Ground Two, Petitioner contends that consent is a complete defense and it bars criminal responsibility. ECF Dkt. #1 at 6. As with Ground One, Petitioner offers no factual basis for his claim. Even excusing the absence of a factual basis, Ground Two presents a question of state law statutory interpretation (*i.e.*, whether consent is a complete defense to a rape charge), which are not cognizable in federal habeas petitions. The same applies to Ground Three, where Petitioner asserts that a touching is not an assault when it is consented to, and Ground Four where he asserts that mentally retarded people are able to give consent. Petitioner provides no factual support for either of these claims, and they at best invoke an interpretation of state law.

As stated above, Respondent invokes a procedural defense, but it is unclear whether he relies upon failure to exhaust remedies or procedural default.  *See* ECF Dkt. #9 at 9.  It appears that Respondent relies upon failure to exhaust remedies because Respondent cites only law pertaining to exhaustion of state remedies, does not clearly seek dismissal with prejudice, and does not analyze procedural default under the *Maupin* standard.  Notably, Respondent argues that Ground Two was not fairly presented to the state courts and it should be dismissed accordingly.  This is a principle of exhaustion of remedies.  *See Franklin*, 811 F.2d at 325 (holding that the exhaustion requirement is satisfied when claims have been fairly presented to state courts).  And, as stated above, dismissal for failure to exhaust state court remedies is normally without prejudice.  Therefore, the undersigned recommends that the Court reject Respondent's position and dismiss Grounds Two, Three, and Four with prejudice as non-cognizable.

### C. Assignment of Error II (Traverse)

In his traverse, Petitioner asserts that his conviction was against the manifest weight of the evidence because there was no evidence of force to indicate that a rape occurred and there was no evidence that he poisoned the victim.  ECF Dkt. #12 at 12.  As stated above, however, a claim that a conviction is against the manifest weight of the evidence is based purely on state law and is not cognizable in a federal habeas petition.  "[F]ederal habeas corpus relief does not lie for errors of state law."*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Therefore, the undersigned recommends that the Court dismiss this claim in its entirety with prejudice.

### D. Assignment of Error III (Traverse)

For the first time, in his traverse, Petitioner contends that the Court erroneously adjudged him as a sexual predator and a habitual sexual offender.  ECF Dkt. #12 at 13-16.  Petitioner does not assert any constitutional violation, only an error of state law.  He does not even allege that the error of state law was so egregious that it amounted to a denial of fundamental fairness or due process.  *See Estelle*, 502 U.S. at 69-70.

Further, as discussed above, a claim that is raised for the first time in a Petitioner's traverse is not properly before the Court and can be dismissed accordingly. *Tyler*, 416 F.3d at 503("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it."). Therefore, the undersigned recommends that the Court dismiss Assignment of Error III in its entirety with prejudice.

## VI. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition, along with all claims contained in the traverse, in its entirety with prejudice.


DATE: January 12, 2010                                *s/ George J. Limbert*
                                                     GEORGE J. LIMBERT
                                                     UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).