```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                       :
DENNIS GRAVES,                         :
                                       :    CASE NO. 1:08-CV-2950
            Petitioner,                :
                                       :
        v.                             :    OPINION & ORDER
                                       :    [Resolving Doc. Nos. 1, 13, 16.]
KEITH SMITH, Warden,                   :
                                       :
            Respondent.                :
                                       :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 18, 2008 Petitioner Dennis Graves filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] With his petition, Graves seeks relief from his Ohio convictions for two counts of rape of his mother's twenty-eight-year-old home health aide. Respondent, Keith Smith, Warden of the Mansfield Correctional Institution, opposes the petition. [Doc. 9.]

On January 12, 2010 Magistrate Judge George J. Limbert recommended that this Court deny Graves's petition. [Doc. 13.] Graves objects to two counts in the Magistrate Judge's Report and Recommendation and introduces another habeas claim. [Doc. 16.] For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Graves's petition for a writ of habeas corpus.

**I. Background**

On August 24, 2005, a Cuyahoga County grand jury indicted Petitioner Graves on three counts of rape as follows: Count 1 - Rape by force or threat of force, in violation of Ohio Rev. Code

-1-

Case No. 1:08-CV-2950
Gwin, J.

§ 2907.02(A)(2); Count 2 - Rape by administering a drug or intoxicant to the victim, in violation of Ohio Rev. Code §2907.02(A)(1)(a); and Count 3 - Rape while the victim was substantially impaired by reason of mental or physical condition, in violation of Ohio Rev. Code. §2907.02(A)(1)(c). [Doc. 9-1.] After trial, a jury convicted Graves on Counts One and Three. [Doc. 9-2.] On September 5, 2005 the trial court sentenced Graves to nine years of imprisonment for each count, with the sentences to merge. [*Id.*] The trial court also adjudged Graves a sexual predator and a habitual sexual offender. [Doc. 9-3.]

On October, 10, 2006, Petitioner Graves directly appealed his convictions, raising three assignments of error. [Docs. 9-4, 9-5.] The Eighth District Court of Appeals of Ohio set forth the facts as follows:

> {¶ 4} The events giving rise to the case sub judice occurred on October 2, 2004, at approximately 2:00 a.m. The victim, M.S., age twenty-eight, a home health aide, entered the home of Antoinette Antwon ("Antwon") and her son, Graves, age sixty, located at 2580 East 66th Street, Cleveland, Ohio, which is part of the Cuyahoga Metropolitan Housing Authority. M.S.'s employer assigned her to care for Antwon on the night of October 1, 2004; she arrived at approximately 7:45 p.m. for her twelve-hour shift beginning at 8:00 p.m. M.S.'s duties included feeding Antwon, taking her to the restroom, administering medications when necessary, some cleaning of the home, and general care giving. M.S. helped Antwon to bed at approximately 9:00 p.m.
>
> {¶ 5} Sometime between 9:00 and 11:00 p.m., Graves' two friends arrived and went with Graves into his bedroom and shut the door. Graves' two friends, separately, entered the living room and conversed with M.S. M.S. communicated to both men that she was not interested in either of them. Thereafter, the three men left for the evening.
>
> {¶ 6} When Graves returned several hours later and without friends, M.S. was doing homework on her laptop, in a wooden chair in the living room. M.S. asked Graves if he had any ibuprofen medication for her to take because she had a tooth pulled and was experiencing pain. He returned and gave her either one or two pills, which she ingested.

Case No. 1:08-CV-2950
Gwin, J.

> {¶ 7} M.S. fell asleep. When she awoke, she noticed her pants were down to her knees and that her thighs, shirt, and the seat cover had a wet substance on them. She stood up, put her pants back on and approached Graves in the bathroom to find out what happened. Graves was naked and cleaning his "lower half" with a washcloth. He indicated that he didn't know what happened but that his friends had been over and were now gone.
>
> {¶ 8} M.S. left and went to a nearby unit around 2:00 a.m., where her best friend, J.G. resided. She banged loudly on the door and J.G. answered. M.S. appeared distraught and entered the apartment. M.S. called her employer to notify them of what transpired and also called for an ambulance and police.
>
> {¶ 9} M.S. was transported to University Hospital where a rape kit was collected. Test results determined that the semen collected from her vagina matched Graves' DNA. M.S. later submitted a report to police and also identified Graves in a photo lineup.

*State v. Graves*, No. 88845, 2007 WL 2949525 at (Ohio App. Oct. 11, 2007). [Doc. 9-7 at 1-3.] On October 3, 2007, the appeals court affirmed Graves's conviction. [Doc. 9-7 at 12.] On March 28, 2008, the Supreme Court of Ohio denied review. [Doc. 9-11.]

On December 12, 2009, Graves filed *pro se* the instant Petition for Writ of Habeas Corpus. [Doc. 1.] With his Petition, Graves asserts four grounds for relief:

> Ground One: It is uncontested that in the case at bar that Ms. Seawright engaged in a single act of voluntary and consensual sexual intercourse with the Defendant. It was the prosecution theory apparently belived [sic] by the jury that as a result of having sex with the Defendant [sic] that as a result of having sex with the Defendant [illegible]
>
> Ground Two: Consent is ordinarily not a defense to a crime where the actus rea [sic] involves a breach of the peace, where as here th e [sic] act itself is legal and involves no breach of the peace, consent is a complete defense which bars criminal responsibility.
>
> Ground Three: A touching constitutes a technical assault unless it is assente [sic] to or otherwise privileged. However, the criminal law addresses concerns not present in civil cases. Thus, the weight of aot [sic] authority is that consent is not usually available as a genera [sic] defense where the offense involves a breach of the peace as well as invasion of the victims [sic] physical security.

Case No. 1:08-CV-2950
Gwin, J.

> Ground Four: Persons who are impaired, even substantially impaired, mentally nevertheless retain the legal capacity to consent to sexual intercourse, for example, mentally retarded individuals frequently marry and raise children. There is no suggestion that their impairment negates their legal capacity to consent.

[Doc. 1 at 5-9.] On January 12, 2010 Judge George J. Limbert recommended that this Court dismiss the instant petition, along with all claims contained in the traverse, in its entirety with prejudice. [Doc. 13.] On February 22, 2010, Graves—still acting *pro se*—filed objections to the report and recommendation. [Doc. 16.]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Meanwhile, under the 'unreasonable application' clause, "a federal habeas court may grant

-4-

Case No. 1:08-CV-2950
Gwin, J.

the writ only if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Where a state court did not adjudicate a federal constitutional claim on the merits, however, AEDPA deference does not apply. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009); *Brown v. Smith*, 551 F.3d 424, 429 (6th Cir. 2008). In such cases, a federal court applies the pre-AEDPA standard of review and reviews questions of law *de novo* and questions of fact for clear error. *Evans*, 575 F.3d at 564; *Brown*, 551 F.3d at 430; *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

### III. Analysis

The magistrate judge recommended denial of Graves's petition on all four grounds. In his objections, Petitioner Graves does not object to the magistrate judge's recommendation to dismiss Grounds Three and Four but does object to his remaining recommendations and introduces an additional ground for relief. The Federal Magistrates Act requires a district court to conduct *de novo* review only of those portions of a report and recommendation to which a party has objected. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court addresses only those claims raised in Graves's objections.

**A. Sufficiency of the Evidence**

In his initial petition for habeas corpus, Petitioner Graves claimed that the evidence was insufficient to convict him for rape based on the grounds that (1) it was "uncontested" that the victim agreed to sexual intercourse with Graves, and that (2) consensual sex is a complete defense to

-5-

Case No. 1:08-CV-2950
Gwin, J.

criminal responsibility in Ohio. [Doc. 1.] The magistrate judge correctly identified that Ground Two is a question of state law statutory interpretation, impermissible to be reviewed by federal courts in habeas petitions. [Doc. 13 at 17.] Consequently, in his objections to the Magistrate Judge's Report and Recommendation, Petitioner Graves merges Grounds One and Two together into a single claim. [Doc. 16.] While it is unclear if the Petitioner raises a manifest weight of the evidence claim or a sufficiency of the evidence claim in his petition and traverse, in his objections the Petitioner states that he is raising a sufficiency of the evidence, not a manifest weight of the evidence, claim. [Doc. 16 at 3, 5.] Moreover, United States federal courts recognize *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). While this Court may not review manifest weight of the evidence claims in habeas cases, it can review sufficiency of the evidence claims. Thus, taking Petitioner's *pro se* status in to account and erring on the side of caution, the Court will scrutinize Graves's merged claim under a sufficiency of the evidence analysis arising out of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307 (1979), *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970).

The Sixth Circuit has recently clarified the "double layer of deference" this Court must give to state courts in reviewing insufficiency of the evidence habeas claims:

> First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .
>
> Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable.

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009) (internal citations omitted). In making this first

Case No. 1:08-CV-2950
Gwin, J.

determination, this Court must review the entire record of the trial, not simply the summary of facts provided by the state courts. *Jeffries v. Morgan*, 522 F.3d 640, 644-45 (6th Cir. 2008). In doing so, however, a federal habeas court may not re-weigh the evidence, re-evaluate the credibility of witnesses, or substitute its own judgment for that of the jury. *Brown*, 567 F.3d at 205. Thus, even if the Court does not agree with the outcome, it "must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution." *Id.*

With this framework in mind, the Court turns to Petitioner Graves's sufficiency of the evidence challenge. Graves argues that no rational trier of facts could have found that the victim did not consent to having intercourse with him. The victim testified that, at some point after 11:00 pm, she asked the Petitioner for ibuprofen because was experiencing a toothache. [Doc. 9-5 at 7.] The victim testified that Graves came back with Motrin, and that she ingested one or two pills. [*Id.*] The victim also testified that she sat down in a wooden chair to do homework and then asked the Petitioner when his mother usually wakes up so she could set her computer alarm, indicating to the Petitioner that she would probably go to sleep. [*Id.*] After Petitioner responded by saying 5:00 to 6:00, the victim set her alarm for 5:00 am and eventually fell asleep. [*Id.*]

The victim then testified that she woke up with her pants down to her knees, and that her thighs, shirt, and seat cover had a wet substance on them. [*Id.*] The victim pulled up her pants and walked to the bathroom, where she saw Petitioner Graves washing himself off. [*Id.*] The victim's friend testified that the victim came banging on her door soon after, was hysterical, and that the victim told her she was raped. [*Id.* at 9.] The victim testified that she eventually went to the hospital where a rape kit was collected. [*Id.* at 7-8.] Test results determined that the semen collected from

-7-

Case No. 1:08-CV-2950
Gwin, J.

the victim matched the Petitioner's. [*Id.* at 8.] The assistant prosecutor asked the victim if she consented to sexual contact with the Petitioner. [*Id.* at 7.] The victim answered that she had not consented to having sex with Petitioner.[*Id.*]

Petitioner Graves asserts that there was no evidence of force or threat of force considering the victim did not display any bruises and was not bleeding. Pursuant to Ohio statue, the definition of force extends to any "compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev. Code § 2901.01(A)(1). In *State v. Sullivan*, the Ohio Court of Appeals found that the pulling down of pants "clearly can only be accomplished by the application of physical force. These acts . . . are without question within the definition of 'force'." 1993 WL 398551, at *4 (Ohio App. Oct. 7, 1993). In *Sullivan*, the victim was asleep when the defendant pulled down her shorts and began to perform oral sex on her. The court held that pulling down the victim's shorts required the use of "force" as defined under Ohio law, even though it required only minimal physical exertion by the defendant. *Id.*

In this case, the victim testified that her pants were on when she fell asleep, but were off when she woke up. Graves does not dispute that he pulled down her pants. Viewing the victim's testimony in the light most favorable to the prosecution and not evaluating the credibility of the witnesses, *see Brown*, 567 F.3d at 205, the evidence is sufficient such that a rational trier of fact could find that Graves used force against the victim in this case.

Next, Petitioner argues that he engaged in consensual sexual intercourse with the victim. Ohio Rev. Code § 2907.01(A)(1)(c) states that no person shall engage in sexual conduct with another . . . when "[t]he other person's ability to resist of consent is substantially impaired because of a mental physical condition." Viewing this evidence in the light most favorable to the prosecution,

-8-

Case No. 1:08-CV-2950
Gwin, J.

it is rational to find that the victim did not consent to sexual intercourse because the jury could have reasonably found that she was sleeping at the time. *See State v. Younger,* 2006 WL 181914, at *4 (Ohio Ct. App. Jan. 26, 2006) (finding that sleep is a mental or physical condition that substantially impairs one's ability to consent) *reversed on other grounds by In re Ohio Criminal Sentencing Statutes Cases*, 850 N.E.2d 1168 (Ohio 2006). The victim's testimony clearly indicates that she was sleeping between some point after 11:00 pm and 2:00 am. The Petitioner admits that he engaged in sexual intercourse with the victim at some point during this time. The victim also testified that she did not give permission to the Petitioner to have sexual contact with her.

The burden falls upon the Petitioner to offer evidence that would not only counter the determination reached by the Ohio Court of Appeals, but must also show that the state appellate court's decision was unreasonable. Petitioner's primary argument centers around identifying the victim's testimony and character as incredible. Petitioner claims "it is inconceivable to fathom such a degree of unconsciousness could possibly exists [sic]" considering that not only was the victim was on duty representing herself and her company, but also that there were strange men in the residence with her. [Doc. 16.] The Petitioner offers little, if any, factual evidence that would indicate it is "inconceivable" for a woman sleep through sexual intercourse. Regardless, as stated above, this Court may not weigh the evidence or evaluate the credibility of the witnesses when reviewing habeas claims. *Brown*, 567 F.3d at 205. Accordingly, viewing the testimony in the light most favorable to the prosecution, a rational trier of fact could have found that the victim did not consent to sexual intercourse. Moreover, the Ohio Court of Appeals was not unreasonable in its decision that there was sufficient evidence for a rational trier of fact to determine that there was no consent. Accordingly, the Petitioner's sufficiency of the evidence claim fails.

Case No. 1:08-CV-2950
Gwin, J.

**B. Ineffective Assistance of Counsel**

Finally, Petitioner Graves claims that his trial counsel failed to provide him effective assistance of counsel, in violation of the Sixth Amendment, by failing to prevail on an Ohio Criminal Rule 29 Motion to Acquit for Insufficient Evidence. [Doc. 16 at 5.] Petitioner is procedurally barred from raising this claim because petitioner brought this claim, for the first time, in his objections to the Magistrate Judge's Report and Recommendation. Moreover, a state prisoner is required to exhaust "the remedies available in the courts of the State" before a federal court may grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b). The petitioner satisfies the exhaustion requirement "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

In this case, Graves did not raise an ineffective assistance of counsel claim until he filed his objections to the Magistrate Judge's Report and Recommendation. Despite having the opportunity, Graves did not state an ineffective assistance of counsel claim in his original appeal to the Ohio Court of Appeals, nor did he raise the complaint in his appeal to the Ohio Supreme Court. If a petitioner has not presented his claims in the state court and is now procedurally barred from pursuing relief there, he must show cause for his failure to present the claim and actual prejudice resulting from the alleged constitutional violation before a federal district court may properly review such a claim on habeas. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)). A petitioner meets the cause and prejudice standard if the claim is necessary to remedy "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 748 (citing *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). The Sixth Circuit has held that a petitioner's *pro se* status is insufficient to establish cause to excuse his procedural default. *Bonilla v. Hurley*, 370

Case No. 1:08-CV-2950
Gwin, J.

F.3d 494, 498 (6th Cir. 2004). Graves presents no other basis to establish cause to excuse him from failing to raise this claim in state court. Further, failing to establish cause eliminates the need to scrutinize prejudice because the petitioner must establish *both* cause and prejudice. *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986). Accordingly, Graves is procedurally barred from raising his ineffective assistance of counsel claim.

Even if this Court were to excuse the Petitioner's failure to raise this claim earlier, it still fails on the merits. The Supreme Court has held that when it is clear that the petitioner does not raise a colorable federal claim, the interest of the parties and the courts may be best served by a district court's denying the petition on the merits, even if the claim in unexhausted. *Granberry v. Greer*, 481 U.S. 129, 135 (1987). To prevail on his claim for ineffective assistance of counsel, Graves must show that (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's counsel performs deficiently when his performance falls short of the norms of the legal profession. *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). A petitioner establishes prejudice by showing a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 229.

In reviewing attorneys' conduct on ineffective assistance habeas claims, courts are highly deferential and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Whiting v. Burt*, 395 F. 3d 602, 616 (2005) (citing *Strickland*, 466 U.S. at 689). Thus, the burden falls upon the Petitioner to demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

In this case, it appears that Petitioner Graves complains of his attorney's failure to prevail

-11-

Case No. 1:08-CV-2950
Gwin, J.

on a motion for acquittal. In support, Graves claims "the finding of guilty by the jury permeates Ineffective Assistance of Counsel [sic]." [Doc. 16.] Graves does not, however, provide any evidence indicating how his counsel was constitutionally deficient. Stating that counsel failed to prevail on a motion for acquittal cannot be enough to determine that counsel's assistance fell below an objective standard of reasonableness, especially since the burden is on the petitioner to overcome a stringent standard set out in *Strickland*. Petitioner Graves does not point to a single unreasonable act or omission by his counsel that lead to the defeat of his Rule 29 Motion for Acquittal. And even if this Court assumes that Petitioner's counsel was defective and that a claim for "failing to prevail" is valid, "the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold, 73 F.3d 81, 84 (6th Cir. 1996)* (citing *Morrow*, 977 F.2d at 229). Petitioner has not demonstrated that reasonable counsel would have prevailed on the motion for acquittal nor has he made any factual arguments in support of his claim that his counsel's performance was defective. Petitioner may not claim that his counsel gave unreasonable representation simply because the case resulted in an unfavorable end.

Accordingly, the Court finds that Petitioner Graves has not made a valid claim for ineffective assistance of counsel.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Graves's petition for a writ of habeas corpus.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

-12-

Case No. 1:08-CV-2950
Gwin, J.

decision could not be taken in good faith and that no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: July 14, 2010          *s/     James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICTJUDGE